**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                                CASE NO. 17-20683
                                                HON. DENISE PAGE HOOD

v.

KENNETH GARDNER,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE**
**ALTERNATIVE MOTION FOR A NEW TRIAL [#83]**

**I.**      **Introduction**

Defendant was charged with 17 counts related to carjackings, possessing firearms as a felon, and using and carrying a firearm during crimes of violence. On December 14, 2018, at the close of the Government's case-in-chief, Defendant made an oral motion for judgment of acquittal, which the Court took under advisement. The same day, a jury convicted Defendant of all 17 counts. On January 24, 2019, the Court issued an Order Denying Defendant's Oral Motion for Judgment of Acquittal. [Dkt. No. 76] Defendant subsequently filed a Motion for a Judgment of Acquittal or in the Alternative Motion for a New Trial (the "Motion"). [Dkt. No. 83] The Government filed a response, and Defendant has not filed a reply. For the reasons that

follow, the Court denies the Motion.

## II. Analysis

### A. Rule 29

Defendant requests a judgment notwithstanding the verdict (judgment of acquittal), claiming that the Government failed to establish the existence of a criminal enterprise and that the evidence was insufficient to establish the elements of the crimes for which he was convicted. [Dkt. No. 83, PgID 416] To support a motion for judgment of acquittal, the court must consider, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caseer*, 399 F.3d 828, 839-40 (6th Cir. 2005); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

A defendant claiming insufficiency of the evidence bears a heavy burden. *United States v. Jackson*, 473 F.33d 660, 669 (6th Cir. 2007). The Court is bound to make all reasonable inferences and credibility choices in support of the jury's verdict. *Id*. at 669-70. The question is merely one of legal sufficiency; the court does not substitute its judgment for that of the jury, independently weigh the evidence, or judge the credibility of trial witnesses. *United States v. Ramirez,* 635 F.3d 249, 255-56 (6th Cir. 2011). There is a strong presumption in favor of sustaining a jury conviction.

*United States v. Peters,* 15 F.3d 540, 544 (6th Cir. 1994). A conviction is reversed "only if, viewing the record as a whole, the judgment is not supported by substantial and competent evidence." *United States v. Blakeney,* 942 F.2d 1001, 1010 (6th Cir. 1991).

In support of his argument, Defendant first states that he:

renews and reasserts the argument presented in support of his earlier motion made at the close of the evidence presented–i.e., as required under *Evans v. United States*, 503 U.S. 255, 268 (1992), that the government failed to establish the existence of a criminal enterprise. Additionally, the evidence was insufficient to establish the elements under 18 U.S.C. 371, 18 U.S.C. sec. [] 2119, 18 U.S.C. 924(C), 18 U.S.C. sec. 922(g)(1). Specifically, the Government was unable to establish that Mr. Gardner possessed the specific intent to cause death or serious bodily injury as required by recent court of appeals decisions from the Sixth Circuit.

[Dkt. No. 83, PgID 416]

The federal carjacking statute prohibits the taking of a motor vehicle from a person or the presence of another by force and violence or by intimidation. 19 U.S.C. § 2119. The Government must prove that Defendant had the specific intent to kill or inflict serious bodily harm "if the victim resisted, even if the victim did not in fact resist and no attempts to inflict such harm were made." *United States v. Adams*, 265 F.3d 420, 424 (6th Cir. 2001). The Government must prove that Defendant brandished a gun and that the gun was loaded or that Defendant physically touched the victim. *United States v. Washington*, 714 F.3d 962, 968 (6th Cir. 2013).

Defendant contends that his co-defendants both testified that they did not intend for Defendant to take anyone's vehicle, nor was there any discussion among the defendants that any victims would be injured or killed. Defendant argues that, because none of the victims was injured, killed, or taken to a hospital, there is no evidence that Defendant committed a crime of violence. The Court cannot agree.

Viewing the evidence in a light most favorable to the Government, Defendant discharged a firearm, at close range, just behind the head of one of the victims from whom he was demanding the victim's vehicle. Several other of Defendant's victims testified that Defendant had a laser from a firearm pointed at them when Defendant was demanding their vehicles. There also was evidence that Defendant and his co-defendants discussed and had an agreement to stop vehicles for the purpose of robbing the inhabitant(s) at gunpoint. During the first such robbery of a person in a vehicle, Defendant demanded at gunpoint and then took the victim's vehicle.

Accordingly, the Court concludes there was evidence that Defendant: (1) brandished a firearm (numerous witnesses testified as much and a firearm was found under the vehicle at which Defendant was arrested); (2) Defendant possessed a loaded firearm during the carjackings (there was direct evidence that the firearm was loaded on the occasion when the firearm was discharged and when the firearm found under the vehicle at the time he was arrested had two bullets in it and, as a result of those

two occasions, there was circumstantial evidence that the firearm was loaded when brandished during each of the other robberies); (3) Defendant had specific intent to cause death or serious bodily harm if a victim resisted (Defendant discharged a firearm right behind a victim's head when the victim resisted); and (4) Defendant and his co-defendants had an agreement to carjack their victims (which is demonstrated by the co-defendants' testimony that they and Defendant agreed rob victims in vehicles at gunpoint and that they all continued to rob victims in vehicles at gunpoint even after Defendant carjacked the first victim rather than simply robbing her). Other evidence, including videos of the car in which Defendant was riding (and his co-defendant was driving), the victims' statements and testimony, and Defendant's prior felony conviction, also supports the jury's verdict finding Defendant guilty on all counts.

Defendant motion for a judgment of acquittal is denied.

**B.	Rule 33**

Defendant seeks a new trial under Federal Rule of Criminal Procedure 33. Rule 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When faced with a Rule 33 motion, unlike a motion for judgment of acquittal under Rule 29, the district court may weigh the evidence and assess the credibility of

the witnesses. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998) ("It has often been said that [the trial judge] sits as a thirteenth juror" when considering a Rule 33 motion.).

A motion for new trial is premised on the argument that the jury's verdict was against the manifest weight of the evidence. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Such motions are generally granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict. *Id.* at 592-93. In general, motions for a new trial are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991). The defendant bears the burden of proving that a new trial is warranted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

> Defendant's entire argument in support of his motion for new trial is:
>
> In this case, Mr. Gardner assigns as error, requiring a new trial, each and every adverse ruling on each and every motion and objection made by him through his counsel. Without limiting the generality of the foregoing, Mr. Gardner incorporates by reference the motions that were filed, the oral arguments made during trial concerning the enumerated errors listed above.

[Dkt. No. 83, PgID 418]

The Court finds that Defendant has failed to meet his burden of proving a new trial is warranted. Defendant has not identified how and why the errors made by the Court with respect to "every" motion he filed and "every" objection he made require

a new trial. Defendant does not identify any evidence that would undermine the ability of the jury to find Defendant guilty beyond a reasonable doubt. And, Defendant does not explain how the verdict was "against the manifest weight of the evidence." Accordingly, the Court concludes that Defendant's motion for a new trial must be denied.

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion for a Judgment of Acquittal or in the Alternative Motion for a New Trial [Dkt. No. 83] is DENIED.

IT IS ORDERED.

                                              s/Denise Page Hood
                                              DENISE PAGE HOOD
Dated: May 17, 2019                UNITED STATES DISTRICT JUDGE