## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                CASE NO. 17-20683
                                HON. DENISE PAGE HOOD

v.

KENNETH GARDNER,

       Defendant.

_____/

## ORDER DENYING
## DEFENDANT'S LETTER FOR RELIEF [ECF No. 136]
## and REQUEST FOR ATTORNEY [ECF No. 137]

The Court received two handwritten letters directly from Defendant in June 2020, one seeking relief under "*Johnson* or *Davis*" [ECF No. 136] and one a request for attorney to assist him with his appeal. [ECF No. 137] At that time,[1] Defendant's conviction and sentence in this Court were on appeal at the Sixth Circuit Court of Appeals. As this Court stated when denying two previous requests for relief filed by Defendant during the pendency of his appeal:

It is well-established law that, once a case is appealed to the Sixth Circuit

---

[1]The Sixth Circuit subsequently issued an Opinion and Mandate denying Defendant's appeal, *see* ECF Nos. 135, 142, but that does not change the Court's analysis with respect to the two requests for relief discussed in this Order. Even if the Court were to consider the merits of the two requests for relief, the request for an attorney to assist with Defendant's appeal would be denied as moot and the request for relief under *Johnson* or *Davis* would be denied without prejudice, subject to Defendant's ability to raise those issues in a timely filed 28 U.S.C. § 2255 motion.

Court of Appeals, this Court no longer has jurisdiction over the case and is unable take any action regarding the case. *See, e.g., United States v. Moss*, 189 F.R.D. 354 (E.D. Mich. 1999).  In *Moss*, the court recognized that:

> The "traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *LSJ Inv. Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir.1999) (quoting *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir.1993)). . . . Therefore, petitioner's filing of the notice of appeal on August 13, 1999, divested this Court of jurisdiction to entertain petitioner's Rule 60(b) motion for relief from judgment.

*Moss*, 189 F.R.D. at 356.

ECF No. 127, PageID.2269 (addressing ECF Nos. 121, 123).  For those reasons, the Court concludes that it lacks authority to grant any relief sought by Defendant in his June 2020 letters [ECF Nos. 136, 137].  Accordingly,

IT IS ORDERED that Defendant's requests for relief in the letters received by the Court in June 2020 [ECF Nos. 136, 137] are DENIED.

IT IS ORDERED.

s/Denise Page Hood
United States District Judge

Dated: February 12, 2021